## William I. Miller et al., Plaintiffs in Error, v. William C. Rich et al., Defendants in Error.

1. APPEALS AND ERRORS—*effect of finding of fact in chancery cause.* A finding of fact by the chancellor, like the verdict of a jury, must be held conclusive unless such finding is so manifestly against the weight and preponderance of the evidence that the Appellate Court, on appeal, is clearly of opinion that injustice has been done.

2. ACCOUNT—*when items not reviewed.* If an error in accounting is complained of, the items allowed and objected to must be specifically pointed out and the evidence showing the validity of the objection indicated; otherwise no review will be accorded by the court.

Bill in chancery. Error to the Circuit Court of Union county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908. Rehearing denied February 25, 1909.

TAYLOR DODD and RICHARD PEERY, for plaintiffs in error.

M. C. CRAWFORD, D. W. KARRAKER and H. F. BUSSEY, for defendants in error.

MR. JUSTICE MYERS delivered the opinion of the court.

In 1893, plaintiffs in error filed a bill in chancery in the Circuit Court to set aside a sale and deeds pursuant thereof to 360 acres of land in Union county, the sale having been made in 1881 by William C. Rich, Sr., as administrator of the estate of Isaac Miller, deceased. The Circuit Court decreed in favor of the defendants to the bill, but on appeal the Supreme Court reversed the decree, holding, that the sale was void, that the deeds should be set aside, and that the title to the land was in the complainants, the heirs and assigns of Isaac Miller, deceased. The cause was remanded with directions for an accounting, and being

reinstated on the docket of the Circuit Court it was afterwards referred to the master in chancery to take proof, state the account and report conclusions. The master reported evidence and findings, to which exceptions were filed and the cause was brought to a hearing before the court, which by its findings and decree states the account in minute detail, allowing to the plaintiffs in error as a balance due the sum of $546.35. By writ of error the decree of the Circuit Court, is challenged and brought to this court for review.

It is complained that the court erred in the statement of the account in that the sum allowed as a balance due the plaintiffs in error is less than should have been allowed under the evidence. The subject-matter of the controversy is an accounting by the defendants in error, for the use and occupation of land, improvements made, expenses incurred, claims allowed and taxes paid, covering a period of twenty-five years. The evidence is voluminous, consisting largely of testimony by witnesses whose memory of facts, circumstances and values was more or less dimmed by the lapse of time, and whose statements, especially as to the value of lands, rentals and crops were merely estimates and opinions, to be given such weight as the court, in considering all the evidence, thought they were entitled to.

No question of law is involved and the finding of the court upon the questions of fact, like the verdict of the jury, must be held conclusive unless such finding is so manifestly against the weight and preponderance of the evidence that this court, on appeal, is clearly of opinion that injustice had been done. Village of Itasca v. Schroeder, 182 Ill. 192; Greensfelder v. Corbett, 190 Ill. 565. The only question made by an appeal from the finding of facts is whether or not there is evidence in the record to justify the finding.

Counsel for plaintiffs in error fail to point out in argument any single item found in statement of ac-

count, made by the chancellor, which is not authorized by evidence, nor are we in any way directed to evidence shown by abstract that will justify a modification or reversal of the decree. This court may not do the work of counsel and undertake to analyze, classify and arrange the testimony bearing upon disputed facts, in order to determine whether or not the trial court erred in its findings. Counsel have prepared a statement as they would have it, differing somewhat in form from that found by the court, but in a large part necessarily embracing the same items, and it is contended that this revised statement of account, covering nine pages of closely printed matter found in the brief, is correct, and that the court's statement of four pages—more than 200 items—is erroneous. No basis of comparison is suggested. No conflict of evidence bearing upon the court's finding is pointed out, and we are not disposed, unassisted by counsel, to search the record for possible error. So far as may be understood from the reading of an insufficient, unindexed abstract, and consideration of the briefs and arguments of counsel, the decree of the court is supported by the evidence, and will therefore be affirmed.

*Affirmed.*